Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Tuesday, June 19, 2007 11:47:37 AM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DANNY LEE COTTRILL, and ) | Case No. 06-00819 |
| BRENDA JEAN COTTRILL ) | Chapter 7 |
| ) | |
| Debtors. ) | |

## MEMORANDUM OPINION

Danny Lee and Brenda Jean Cottrill (the "Debtors") filed a motion to waive the requirements of 11 U.S.C. § 524(c)(1) and to approve two untimely made reaffirmation agreements with DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler"). The Debtors' motion was unopposed, but the court held a hearing on the motion on April 10, 2007, in Wheeling, West Virginia. At the hearing, the court denied the Debtors' motion to waive § 524(c)(1) on the grounds that the statute is not subject to waiver. Because the reaffirmation agreements submitted by the Debtors were not made before entry of their discharge, as required by § 524(c)(1), the court refused to approve the Debtors' reaffirmation agreements. The court further reasoned that it no longer had jurisdiction over the issues presented by the Debtors.

Subsequently, the Debtors appealed the court's determination to the United States District Court for the Northern District of West Virginia. This memorandum opinion memorializes the court's ruling from the bench.

### I. BACKGROUND

1

The Debtors filed their Chapter 7 bankruptcy case on September 12, 2006. At the time of filing, the Debtors owned two automobiles, a 2005 Dodge Ram Truck and a 2005 Jeep Liberty. The Debtors financed the purchase of both vehicles with DaimlerChrysler, and it perfected its security interest on the vehicles' certificates of title. On Schedule D, the Debtors stated that they owed $20,017.50 on the 2005 Dodge Truck and $13,037.08 on the 2005 Jeep Liberty. On Schedule B, the Debtors represented the value of the Dodge Truck as $14,100.00 and the Jeep Liberty as $14,225.00.

The Debtors stated their intention to reaffirm the debts on both vehicles when they filed for bankruptcy on September 12, 2006. On December 6, 2006, DaimlerChrysler filed a Motion to Confirm Termination of the Automatic Stay as to Personal Property Collateral for Failure to Take Timely Action on the Debtor's Statement of Intention. In support of the motion, DaimlerChrysler asserted that the Debtors did not take timely action to reaffirm the debt within 30 days after the first creditors meeting. The court granted the motion on December 28, 2006, pursuant to 11 U.S.C. § 362(h).

The Debtors received their Chapter 7 discharge on December 19, 2006. On February 15, 2007, the Debtors filed a reaffirmation agreement regarding each of their vehicles. As to the 2005 Dodge Truck, the Debtors seek to reaffirm an obligation of $22,384.00; with respect to the 2005 Jeep Liberty, the Debtors seek to reaffirm an obligation of $14,406.00.

## II. DISCUSSION

The Debtors requested that this court either find that § 524(c) is subject to waiver or that the court vacate the Debtors' discharge, approve the reaffirmation agreements, and then re-enter their discharge. The Debtors further assert that this court has jurisdiction to approve an untimely made reaffirmation agreement after entry of the Debtors' discharge. These arguments, however, are without merit.

**A.    Section 524(c) and Waiver**

The Debtors argue that, because they are voluntarily consenting to the reaffirmation agreements, and because no party objects, they do not need to be protected by the timing requirement of § 524(c)(1). In effect, the Debtors seek to create two different classes of bankruptcy debtors: those that are able to understand the financial burden they are placing upon themselves and those that cannot. The latter group, the Debtors assert, is the group that Congress intended to protect under § 524(c), as they are unable to

2

understand the financial consequences of entering a reaffirmation agreement. Contending that they are members of the former group and fully understand the risks they are assuming in the reaffirmation agreements, the Debtors state that no good reason exists to bind them to the requirement in § 524(c)(1) that their reaffirmation agreements be made before the entry of their discharge.

Contrary to the Debtors' arguments, the timing requirement of § 524(c)(1) is imposed by "substantive statutory law and not by procedural rule." *In re Collins,* 243 B.R. 217, 219 (Bankr. D. Conn. 2000). The substantive nature of the requirements to enter into a valid reaffirmation agreement is evidenced by the language of § 524(c) itself. The statute states that a reaffirmation agreement is valid "only if" all elements of the statute are satisfied. Further, "the statutory requirement cannot be waived or extended after discharge occurs;" otherwise, the statute would lose its protective intent. *Id.* at 219-21. The timing requirement of § 524(c)(1) is mandatory because it is designed "to protect the debtor from his or her own bad judgment." *Mickens v. Waynesboro Dupont Emples. Credit Union, Inc. (In re Mickens)*, 229 B.R. 114, 118 (Bankr. W.D. Va. 1999). *See also Arnhold v. Kyrus*, 851 F.2d 738, 740-42 (4th Cir. 1988) (§ 524(c) exists to protect debtor from his own actions); *In re Kamps*, 217 B.R. 836, 846 (Bankr. C.D. Cal. 1998) (holding that the requirements of § 524(c) were not subject to waiver by a debtor because "they exist to protect a debtor from the debtor's own bad judgment, and the debtor cannot waive them"); *In re Catron*, 186 B.R. 194, 196 (Bankr. E.D. Va. 1995) (holding that any waiver of the discharge of a particular debt must strictly follow the procedures prescribed in the Bankruptcy Code and Bankruptcy Rules, especially § 524(c)); *In re Whitmer,* 142 B.R. 811, 812-13 (Bankr. S.D. Ohio 1992) (§ 524(c)(1) requires the reaffirmation agreement be entered into prior to the granting of the discharge as an additional protection for the debtor).

Congress intentionally worded § 524(c) to protect the debtor from making ill advised decisions after having its debt discharged. *Catron*, 186 B.R. at 196. Because § 524(c)(1) is not subject to waiver, the court refused the Debtors' request to ignore the plain language of the statute.

**B.     Vacating the Discharge To Enter Reaffirmation Agreements**

Acknowledging that the court may strictly interpret the timing requirements of § 524(c)(1), the Debtors request, in the alternative, that this court vacate the Debtors' discharge, allow the reaffirmation agreements to be entered, and then re-enter the Debtors' discharge order.

In the Debtors' motion, they do not assert any legal basis for the court to vacate their discharge order. The court granted the Debtors a discharge on December 19, 2006, but the Debtors did not make their request to vacate their discharge until February 15, 2007. Thus, the only applicable rule of procedure available to the Debtors is Fed. R. Civ. P. 60(b), as made applicable to this proceeding by Fed. R. Bankr. P. 9024.

Rule 60(b) provides six grounds where a court may relieve a party of an order:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Here, the Debtors do not allege that the discharge order entered by the court should be vacated on the grounds set for in (2), (3), (4), or (5). Nor have the Debtors asserted any basis for vacating their discharge under Rule 60(b)(1). *See, e.g., Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating that Rule 60(b) is not intended to provide another opportunity to parties to file a paper when they mistakenly miss a deadline without good cause); *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533-34 (4th Cir. 1996) (The court will not use its equitable powers to relieve a party of an order when that party mis-timed its filings with the court).

Thus, the only basis in this case for the Debtors to argue that their discharge order should be vacated is Rule 60(b)(6), which allows the court to discharge an order for "any other reason justifying relief from the operation of the judgment." This Rule, however, will not help the Debtors because this court will not use Rule 60(b)(6) to allow the filing of two untimely made reaffirmation agreements when the Debtors

4

were aware of the timing requirements of § 524(c)(1). *See, e.g., In re Wyciskalla*, 156 B.R. 579, 580-81 (Bankr. S.D. Ill. 1993) ("[R]elief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust") (citation omitted).

The court recognizes that contrary authority does exist. In the case of *In re Long*, 22 B.R. 152, 155 (Bankr. D. Me. 1982), the court held that it could vacate the debtor's bankruptcy discharge to approve an otherwise untimely made reaffirmation agreement when no party objected to that procedure. The court reasoned that as a bankruptcy court, it had the powers of equity; therefore, it could vacate an order according to Fed. R. Civ. P. 60(b). *Id.* This court rejects incorporating *Long's* application of Fed. R. Civ. P. 60(b) in this case, on the grounds that, "a movant seeking relief under Rule 60(b)(6) [is required] to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Here, the Debtors missed the deadlines set forth in § 524(c)(1), and without some extraordinary explanation as to why that deadline was missed, relief under Rule 60(b)(6) is not appropriate. Moreover, the Bankruptcy Rules expressly provide for a procedure whereby the entry of a discharge can be delayed at the request of a debtor in the event a debtor is having difficulties executing a reaffirmation agreement with a creditor. *See, e.g., Rigal v. Fleet Mortgage Corp. (In re Rigal)*, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000) (holding that Fed. R. Bankr. P. 4004(c)(2) was "specifically written to allow the Debtor to delay entry of [a] discharge so that a reaffirmation agreement could be considered").

As an alternative basis to Rule 60(b)(6), the Debtors assert that this court has the equitable power under 11 U.S.C. § 105(a) to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This equitable power, however, cannot be used "to fashion substantive rights and remedies not contained in the Bankruptcy Code . . . or to negate substantive rights or remedies that are available." *Omni Mfg. v. Smith (In re Smith)*, 21 F.3d 660, 665-666 (5th Cir. 1994). *See also United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986) ("[§105(a)] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity."); *In re Stewart*, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006) (A bankruptcy court's equitable powers can only be used within the limits of the Bankruptcy Code); *In re Brinkman*, 123 B.R. 611, 612-13 (Bankr. N.D. Ind. 1991) (holding that a discharge order

5

may not be revoked for the purpose of entering into and/or validating invalid reaffirmation agreements); *In re Eccleston*, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986) (the bankruptcy court will not use its equitable powers to vacate an entry of discharge for the purpose of validating an otherwise invalid reaffirmation agreement).

Further, § 105(a) simply "does not authorize the court to enter orders which are in conflict with other provisions of the Code." *In re Minor*, 115 B.R. 690, 697 (Bankr. D. Colo. 1990). Section 524(c)(1) states that a reaffirmation agreement will only be enforceable if "such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of [title 11]." Entering the Debtors' reaffirmation agreements by using this court's equitable powers under § 105(a) would be in direct conflict with § 524(c)(1), and, therefore, inappropriate.

**C.     Subject Matter Jurisdiction to Consider Untimely Reaffirmation Agreements**

The Debtors' legal theory is predicated on the assertion that, even after the court has entered the Debtors' discharge order, it maintains jurisdiction to approve entry of untimely made reaffirmation agreements. This contention also lacks merit. *E.g.*, *Gitlitz v. Soc'y Bank (In re Gitlitz)*, 127 B.R. 397, 401 (Bankr. S.D. Ohio 1991) ("[I]t is not accurate to say that Congress intended, or that the law provides, for court involvement [in reaffirmation agreements] beyond that authorized in [§ 524(c)]").

This court does not have jurisdiction over untimely made reaffirmation agreements pursuant to 28 U.S.C. § 1334(b). Under that statute, the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding is "arising under" title 11, when it involves "a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In Re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987). "Arising in" title 11 "reference[s] . . . administrative matters that arise only in bankruptcy cases." *Id.* at 97. These are generally matters that would not exist without the bankruptcy. *Id.* Finally, a proceeding is "related to" a case under title 11 depending on " 'whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " *Valley Historic Ltd. P'ship v. Bank of N.Y.*, No. 06-1571, 2007 U.S. App. LEXIS 11556, at *9 (4th Cir. May 17, 2007); *see also*

*New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 150-51 (4th Cir. 2000) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *rev'd on other grounds,* 516 U.S. 124 (1995)).

In the Debtors' case, the untimely reaffirmation agreements that they seek to file do not "arise under," "arise in," and are not "related to" the Debtors' bankruptcy proceeding. The Debtors' request to waive § 524(c)(1) does not "arise under" the Bankruptcy Code because § 524(c)(1) enforces a strict time requirement for filing reaffirmation agreements. The Debtors did not comply with § 524(c)(1); therefore, § 524(c) of the Bankruptcy Code is not applicable to this proceeding. Also, no other provision of the Bankruptcy Code is applicable to the Debtors' motion to confer "arising under" jurisdiction.

Likewise, the Debtors' motion does not "arise in" the Bankruptcy Code because the court previously entered the Debtors' discharge on December 19, 2006 – the Debtors' motion has no effect on the administration of the case. Finally, the Debtors' motion is not "related to" the Debtors' bankruptcy case because they have already been granted a discharge, and § 524(c)(1) does not allow reaffirmation agreements to be entered into once a discharge is granted. Consequently, the Debtors' motion is little more than a post-discharge attempt to enter a contract prohibited by the discharge injunction.

In an analogous case, *In re Reed,* 177 B.R. 258, 259-60 (Bankr. W.D. Ohio 1995), the court found that Congress did not contemplate the involvement of a bankruptcy court in reaffirmation agreements if the requirements of 11 U.S.C. § 524(c) were not met. Once the order of discharge is entered, the § 524(c) deadline is passed, and the court cannot enter the agreement. *Id. See also Whitmer,* 142 B.R. at 814 (Reaffirmation agreements entered into after the order to discharge are unenforceable and the bankruptcy court does not have the jurisdiction to address the matter); *In re McQuality,* 5 B.R. 302 (Bankr. S.D. Ohio 1980) (Once the debtors are discharged from bankruptcy, the court loses jurisdiction to reopen debtor's case to approve a reaffirmation agreement). For the aforementioned reasons, this court's jurisdiction over the Debtors' post-discharge attempt to execute reaffirmation agreements terminated when the court entered their order of discharge.

### III. CONCLUSION

For the above-stated reasons, the court denied the Debtors' Motion to Waive 11 U.S.C. § 524(c)(1) and for Approval of Reaffirmation Agreement.

7

8